IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALICE M. BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1881-RWS |
| JACOB J. LEW, Secretary, U.S. | : | |
| Department of the Treasury, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Request Attorney [2]. After reviewing the record, the Court enters the following Order.

In such circumstances as the Court may deem just, the Court may appoint an attorney for the Complainant in a case brought pursuant to the Americans With Disabilities Act ("ADA"). 42 U.S.C. § 2000e-5(f)(1). "An ADA plaintiff has no absolute right to an appointed counsel, rather, the decision of whether to provide counsel lies solely within the discretion of the Court." Johnson v. City of Port Arthur, 89 F. Supp 835, 839 (E.D. Tx. 1995). In deciding whether to

appoint counsel, the Court must consider the following factors: (1) the merits of the complaint, (2) the efforts of the plaintiff to obtain counsel and (3) the financial ability of the Complainant to hire an attorney." Brooks v. Central Bank of Birmingham, 717 F.2d 1340, 1342 n.2 (11th Cir. 1983)(citing Caston v. Sears Roebuck & Co., 556 F.2d 1305, 1309-10 (5th Cir. 1979)).

In the present case, Plaintiff paid the filing fee and thus, has not submitted a financial affidavit from which the Court might determine her ability to retain an attorney. The only evidence of her capacity to hire counsel is her statement in her Motion that she receives retirement disability which does not allow her to afford an attorney. (Motion [2] at 1).There is no evidence in the record that Plaintiff has actually attempted to hire counsel in the case. Having reviewed the Complaint [1], Plaintiff appears to have the ability to understand the relevant issues in the case and to state her position effectively. At this time, the Court finds no exceptional circumstances that would warrant appointment of counsel. Therefore, Plaintiff's Motion [2] is **DENIED**.

**SO ORDERED**, this  20th  day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE